**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

**ARQUIMIDES LARUMBE ZUNIGA,** :

:

    **Plaintiff** : **CIVIL ACTION NO. 3:17-0226**

:

    **v** :

    : **(JUDGE MANNION)**
**BOP LEWISBURG, U.S.P.,** *et al.,*

: FILED

    **Defendants** SCRANTON

MAR 2 7 2018

<u>**MEMORANDUM**</u>

PER_____

DEPUTY CLERK

**I.**   <u>**Background**</u>

Plaintiff, Arquimides Larumbe Zuniga, an inmate confined in the United States Penitentiary, Lewisburg, ("USP-Lewisburg"), Pennsylvania, filed the above captioned <u>Bivens</u>[1] action pursuant to <u>28 U.S.C. §1331</u>. (<u>See</u> Doc. <u>1</u>, complaint). The named Defendants are the Federal Bureau of Prisons ("BOP"), Warden David J. Ebbert and Senior Officer Kevin Hauer. <u>Id</u>.

Plaintiff alleges that he "got sick from eating bad food that was serve by the food service at the BOP at USP-Lewisburg, that is under the management of Warden David J. Ebbert." <u>Id</u>. Plaintiff claims that he "ask[ed] for medical care, but was denied, and was told if [he] wanted to fill a sick call to be seen by medical." <u>Id</u>. Plaintiff states that "when [he] finally got to see medical, they

---

[1]<u>Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 397 (1971)</u>.

only told [him] to drink water and to rest, when [he] could not hold anything down that [he] ate and had cold sweats." Id. Plaintiff states that he filed a tort claim, pursuant to Federal Tort Claim Act ("FTCA"), pursuant to 28 U.S.C. §2671 *et seq.*, which was "denied for lack of evidence." Id.

On February 7, 2017, Plaintiff filed the instant action in which he seeks damages for "the injuries [he] suffer[ed] by the BOP" for lack of medical care. He alleges that the named Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment. Id. For relief, Plaintiff seeks compensatory and punitive damages. Id.

Presently before the Court is Defendants' motion to dismiss Plaintiff's complaint, *inter alia*, for lack of jurisdiction due to Plaintiff's failure to exhaust administrative remedies. By way of the Court's Standing Practice Order issued on February 7, 2017, the Plaintiff was notified of his duty to respond to defense motions like the Defendants' current motion to dismiss. Despite such notice, Plaintiff has failed to respond to Defendants' motion to dismiss. As such, the Court deems Defendants' motion unopposed. For the reasons that follow, Defendants' motion to dismiss will be granted.

## II.    Standards of Review

### A. Bivens Standard

Plaintiff's claims are filed pursuant to 28 U.S.C. §1331, in accordance with Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 388, (1971). Under Bivens, the District Court has federal question jurisdiction pursuant to 28 U.S.C. §1331 to entertain an action brought to redress alleged federal constitutional or statutory violations by a federal actor. Bivens, supra. Pursuant to Bivens, "a citizen suffering a compensable injury to a constitutionally protected interest could invoke the general federal question jurisdiction of the district court to obtain an award of monetary damages against the responsible federal official." Butz v. Economou, 438 U.S. 478, 504 (1978). A Bivens-style civil rights claim is the federal equivalent of an action brought pursuant to 42 U.S.C. §1983 and the same legal principles have been held to apply. See, Paton v. LaPrade, 524 F.2d 862, 871 (3d Cir. 1975); Veteto v. Miller, 829 F.Supp. 1486, 1492 (M.D.Pa. 1992); Young v. Keohane, 809 F.Supp. 1185, 1200 n. 16 (M.D.Pa. 1992). In order to state an actionable Bivens claim, a plaintiff must allege that a person has deprived him of a federal right, and that the person who caused the deprivation acted under color of federal law. See West v. Atkins, 487 U.S. 42, 48 (1988); Young v. Keohane, 809 F.Supp. 1185, 1199 (M.D.Pa. 1992).

## B. RULE 12(b)(1)

Defendants' motion to dismiss Plaintiffs' complaint is for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1) and for failure to state a claim under Fed.R.Civ.P. 12(b)(6). "When a party moves to dismiss under more than one Rule 12 ground, the Court must first consider the Rule 12(b)(1) challenge, 'because if it must dismiss the complaint for lack of subject matter jurisdiction, all other defenses and objections become moot.'" A.D. v. Haddon Heights Bd. of Educ.,90 F.Supp.3d 326, 334 (D.N.J. 2015), aff'd, –F.3d–, 2016 WL 4394536 (3d Cir. Aug. 18, 2016), (citation omitted). Defendants raise a facial challenge to this court's subject matter jurisdiction since it has not yet filed its answer to the complaint and it does not offer competing facts. As such, the court must accept the complaint's allegations as true." Haddon Heights Bd. of Educ., 2016 WL 4394536, *3 (citations omitted). "A challenge to a complaint for failure to allege subject matter jurisdiction is known as a 'facial' challenge, and must not be confused with a 'factual' challenge contending that the court in fact lacks subject matter jurisdiction, no matter what the complaint alleges...." James S. ex rel. Thelma S. v. Sch. Dist. of Phila., 559 F.Supp.2d 600, 611 (E.D.Pa. 2008) (citing N.E. Hub Partners, L.P. v. CNG Transmission Corp., 239 F.3d 333, 341 n. 7 (3d Cir. 2001)).

"Because federal courts are courts of limited jurisdiction, the party seeking to invoke the court's jurisdiction bears the burden of proving the

existence of subject matter jurisdiction." <u>Haddon Heights Bd. of Educ.,90 F.Supp.3d at 334</u> (citing <u>Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S.Ct. 1673 (1994)</u>).

## C. **RULE 12(b)(6)**

<u>Fed.R.Civ.P. 12(b)(6)</u> authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." Under Rule 12(b)(6), we must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." <u>Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009)</u> (quoting <u>Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008)</u>). While a complaint need only contain "a short and plain statement of the claim," <u>Fed.R.Civ.P. 8(a)(2)</u>, and detailed factual allegations are not required, <u>Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)</u>, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." <u>Id. at 570</u>. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." <u>Ashcroft v. Iqbal, 556 U.S. 662 (2009)</u> (quoting <u>Twombly, 550 U.S. at 556</u>). "[L]abels and conclusions" are not enough, <u>Twombly, 550 U.S. at 555</u>, and a court "is not bound to accept as true a legal conclusion couched as a factual allegation." <u>Id.</u> (quoted case omitted). Thus, "a judicial conspiracy claim must include at least a discernible factual basis to survive a <u>Rule 12(b)(6)</u>

5

dismissal." Capogrosso v. The Supreme Court of New Jersey, 588 F.3d 180, 184 (3d Cir. 2009) (per curiam).

In resolving the motion to dismiss, we thus "conduct a two-part analysis." Fowler, supra, 578 F.3d at 210. First, we separate the factual elements from the legal elements and disregard the legal conclusions. Id. at 210-11. Second, we "determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief". Id. at 211 (quoted case omitted).

In addition, because Plaintiff complains about "prison conditions," the screening provisions of 42 U.S.C. §1997e apply, as do the screening provisions of 28 U.S.C. §1915(e), given that he was granted *in forma pauperis* status to pursue this suit. The court's obligation to dismiss a complaint under the PLRA screening provisions for complaints that fail to state a claim is not excused even after defendants have filed a motion to dismiss. See, e.g., Lopez v. Smith, 203 F.3d 1122, 1126 n. 6 (9th Cir. 2000). Hence, if there is a ground for dismissal which was not relied upon by a defendant in a motion to dismiss, the court may nonetheless *sua sponte* rest its dismissal upon such ground pursuant to the screening provisions of the PLRA. See Lopez; Dare v. U.S., Civil No. 06-115E, 2007 WL 1811198, at *4 (W.D. Pa. June 21, 2007), aff'd, 264 Fed App'x. 183 (3d Cir. 2008).

## III.  Exhaustion[2]

### A. Bivens

Defendants contend that Zuniga's complaint should be dismissed for his failure to exhaust available administrative remedies. In pertinent part, the Prison Litigation Reform Act provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. §1997e(a).

Under the Prison Litigation Reform Act ("PLRA"), exhaustion of administrative remedies is required for all actions concerning prison conditions brought under federal law.  See 42 U.S.C. §1997e(a); Woodford

---

[2]In Spruill v. Gillis, 372 F.3d 218, 227-32 (3d Cir. 2004), the United States Court of Appeals for the Third Circuit addressed the issue of whether the defendants in Spruill properly identified their motion as one for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6).  The Court noted that "[g]iven that the exhaustion issue turns on the indisputably authentic documents related to Spruill's grievances, we hold that we may also consider these without converting it to a motion for summary judgment." Id. at 223 (citing Steele v. Fed. Bureau of Prisons, 355 F.3d 1204, 1212 (10th Cir. 2003)). See also Brown v. Croak, 312 F.3d 109, 111 (3d Cir. 2002) ("In appropriate cases, failure to exhaust may be raised as the basis for a motion to dismiss"); Ray v. Kertes, 285 F.3d 287, 293 (3d Cir. 2002) (motions to dismiss may be pursued on failure to exhaust grounds in certain circumstances). Accordingly, the records submitted by Defendants in support of their motion to dismiss are indisputably authentic records which may be considered by this Court without converting the motion to a motion for summary judgment.

v. Ngo, 548 U.S. 81 (2006). The "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). The PLRA "completely precludes a futility exception to its mandatory exhaustion requirement." Nyhuis v. Reno, 204 F.3d 65, 71 (3d Cir. 2000). The PLRA also mandates that inmates "properly" exhaust administrative remedies before filing suit in federal court. Woodford, 548 at 92. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Id. Failure to substantially comply with procedural requirements of the applicable prison's grievance system will result in a procedural default of the claim. Spruill v. Gillis, 372 F.3d 218, 227-32 (3d Cir. 2004).

A prisoner does not have to allege in his complaint that he has exhausted administrative remedies. Ray v. Kertes, 285 F.3d 287 (3d Cir. 2002). Failure to exhaust available administrative remedies is an affirmative defense. Id. As such, it must be pleaded and proven by the Defendants. Brown v. Croak, 312 F.3d 109, 111 (3d Cir. 2002). Defendants have properly raised the matter of exhaustion of administrative remedies made available to inmates confined within the Bureau of Prisons ("BOP").

"The Bureau of Prisons has established an Administrative Remedy Procedure through which an inmate may seek formal review of a complaint which relates to any aspect of his imprisonment if less formal procedures have not resolved the matter. This procedure applies to all inmates confined in Bureau of Prisons institutions. . . ." 28 C.F.R. §542.10. Inmates are to informally present their complaints to the staff and the staff is to attempt to resolve the matter. 28 C.F.R. §542.13(a). If informal resolution is unsuccessful, the inmate is then to execute the appropriate form to bring the matter to the attention of the warden. 28 C.F.R. §542.14(b). The warden is then to respond to the inmate's complaint within twenty (20) days. Id. at §542.18. If an inmate is dissatisfied with the warden's response, he may then appeal to the Regional Director. Id. at §542.15. If the response of the Regional Director is not satisfactory, the inmate may then appeal to the Central Office of the Federal Bureau of Prisons, which office is the final administrative appeal in the Bureau of Prisons. Id.

The face of Plaintiff's complaint reveals only that he filed a Federal Tort Claim. (see Doc. 1 at 2). Plaintiff makes no allegation or indication that he exhausted his administrative remedies with respect to his Bivens claims. A search of Plaintiff's administrative remedy history revealed that Plaintiff has not filed any administrative remedies during his time in BOP custody. (See Doc. 12-1 at 11, Administrative Remedy Generalized Retrieval). Thus, it is

evident that Plaintiff failed to follow the procedural requirements of the BOP. Failure to employ the system of administrative remedies, even if the administrative process would be inadequate to grant full relief, procedurally defaults any federal claim. See Spruill v. Gillis, 372 F.3d 218, 222-26 (3d Cir. 2004). Consequently, Zuniga's failure to pursue the administrative process with respect to his claims precludes the litigation of such claims.

In Spruill, supra, our Court of Appeals held that congressional policy objectives were best served by interpreting the statutory "exhaustion requirement to include a procedural default component." The court further ruled that procedural default under §1997e(a) is governed by the applicable prison grievance system, provided that the "prison grievance system's procedural requirements [are] not imposed in a way that offends the Federal Constitution or the federal policy embodied in §1997e(a)." Id. at 231, 232.

In this case, it is clear that Zuniga failed to exhaust his administrative remedies with respect to claims raised in the instant complaint. Thus, Zuniga has sustained a procedural default with respect to these claims.

Spruill cited with approval the Seventh Circuit decision in Pozo v. McCaughtry, 286 F.3d 1022, 1025 (7th Cir. 2002). Spruill, 372 F.3d at 231. In Pozo, the Seventh Circuit ruled that "to exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." Pozo, 286 F.3d at 1025 (emphasis added).

10

Zuniga offers no evidence to justify his failure to comply with BOP requirements. Consequently, he is now foreclosed from litigating his remaining claims in this Court.

In Spruill, the Third Circuit found that a procedural default component to the exhaustion requirement served the following congressional objectives: "(1) to return control of the inmate grievance process to prison administrators; (2) to encourage development of the administrative record, and perhaps settlements, within the inmate grievance process; and (3) to reduce the burden on the federal courts by erecting barriers to frivolous prisoner lawsuits." 372 F.3d at 230. In Pusey v. Belanger, No. Civ. 02-351, 2004 WL 2075472 at *2-3 (D. Del. Sept. 14, 2004), the court applied Spruill to dismiss an inmate's action for failure to timely pursue an administrative remedy over the inmate's objection that he did not believe the administrative remedy program operating in Delaware covered his grievance. In Berry v. Kerik, 366 F.3d 85, 86-88 (2d Cir. 2004), the court affirmed the dismissal of an inmate's action with prejudice where the inmate had failed to offer appropriate justification for the failure to timely pursue administrative grievances. In Ross v. County of Bernalillo, 365 F.3d 1181, 1186 (10th Cir. 2004), the court embraced the holding in Pozo, stating that "[a] prison procedure that is procedurally barred and thus is unavailable to a prisoner is not thereby considered exhausted." These precedents support this Court's decision to

grant Defendants' motion to dismiss for Plaintiff's failure to exhaust his administrative remedies.

## B. FTCA

As a prerequisite to suit under the FTCA, a claim must first be presented to the federal agency and be denied by the agency, or be deemed to be denied. Section 2675(a) of Title 28, United States Code, provides in pertinent part:

> An action shall not be instituted against the United States for money damages for injury or loss of property or personal injury ... unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of the agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section....

The plaintiff has the burden of demonstrating that the agency actually received the administrative claim. Lightfoot v. United States, 564 F.3d 625 (3d Cir. 2009). This burden rests with the plaintiff because, in general, the United States enjoys sovereign immunity from suit unless it otherwise consents to be sued. White–Squire v. U.S. Postal Serv., 592 F.3d 453, 456 (3d Cir. 2010). The United States' "consent to be sued must be 'unequivocally expressed,' and the terms of such consent define the court's subject matter jurisdiction." Id. The Federal Tort Claims Act constitutes "a limited waiver of the United States's sovereign immunity." Id. The FTCA provides that the United States

12

shall be liable, to the same extent as a private individual, "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment[.]" 28 U.S.C. §1346(b)(1); see also 28 U.S.C. §2674.

Prior to commencing an FTCA action against the United States in federal court, however, a plaintiff must "first present[ ] the claim to the appropriate Federal agency" and receive a final denial "by the agency in writing and sent by certified or registered mail." 28 U.S.C. §2675(a). A claim is considered to be presented when the federal agency receives written notification of the alleged tortious incident and the alleged injuries, together with a claim for money damages in a sum certain. 28 C.F.R. §14.2(a). If the receiving federal agency fails to make a final disposition of the claim within six months from the time it is filed, that failure is "deemed a final denial of the claim" for purposes of commencing suit under the FTCA. 28 U.S.C. §2675(a).

The Third Circuit has instructed that "[i]n light of the clear, mandatory language of the statute, and [the] strict construction of the limited waiver of sovereign immunity by the United States, ... the requirement that the appropriate federal agency act on a claim before suit can be brought is jurisdictional and cannot be waived." Roma v. United States, 344 F.3d 352, 362 (3d Cir. 2003) (citing Livera v. First Nat'l Bank of New Jersey, 879 F.2d

13

1186, 1194 (3d Cir. 1989)). The Supreme Court has likewise succinctly explained that "[t]he FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies." McNeil v. United States, 508 U.S. 106, 113 (1993). As a result, a district court may dismiss a claim brought under the FTCA for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) where the plaintiff has not exhausted his administrative remedies prior to filing suit. See, e.g., Abulkhair v. Bush, 413 F. App'x 502, 506 (3d Cir. 2011); Accolla v. United States Gov't, 369 F. App'x 408, 409–10 (3d Cir. 2010) (finding the district court properly dismissed FTCA claim where the plaintiff filed federal suit prior to exhausting administrative remedies).

As is apparent from the face of Plaintiff's complaint, Plaintiff filed an administrative tort claim. Defendants attached a copy of Plaintiff's FTCA claim, which reveals that it was filed on December 28, 2016. (Doc. 12,-1 at 12). By letter dated January 9, 2017, the Bureau of Prisons Northeast Regional Office notified Plaintiff that his Administrative Claim had been received on January 3, 2017. (Doc. 12-1 at 13). The Bureau of Prisons then had six months to make a final decision on his claims. If no final disposition was received within the six months, Zuniga had the option to treat this silence as a final denial of the claims, and file suit against the United States in federal court. Zuniga, however, did not wait to receive a final decision, or for the six months to pass. Instead, he filed the above captioned action on February 7,

14

2017, after waiting only one month.

Because Zuniga had to file his administrative tort claim with the Bureau of Prisons and receive a final denial of his claims pursuant to 28 U.S.C. §2675(a) prior to filing his lawsuit, and he failed to do so, this Court lacks jurisdiction over the claims. McNeil v. United States, 508 U.S. 106, 111-112 (1993) (holding that a court is without jurisdiction to rule on a prematurely filed action even if an agency denies the related administrative claim soon after the federal lawsuit is filed); Accolla v. United States, 369 F. App'x 408, 409-10 (3d Cir. 2010) (holding "because Accolla filed his FTCA action in federal court before [the agency's ruling on his administrative tort claim] and before the expiration of the appropriate six month period, the District Court was without jurisdiction to rule on the FTCA claim."); Roma v. United States, 344 F.3d 352, 363 (3d Cir. 2003) (noting "the requirement that the appropriate federal agency act on a claim before suit can be brought is jurisdictional and cannot be waived.").

Consequently, the Court does not have jurisdiction to hear Zuniga's tort claim, and the Defendant's motion to dismiss for lack of jurisdiction will be granted.

## IV.    Conclusion

Defendants' motion to dismiss Plaintiff's complaint for Plaintiff's failure

to properly exhaust available administrative remedies prior to filing the instant action will be granted. An appropriate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: March 27, 2018**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2017 MEMORANDA\17-0226-01.wpd